## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

| | |
|---|---|
| PLUMBERS AND PIPEFITTERS LOCAL 502 HEALTH AND WELFARE TRUST FUND; PLUMBERS AND PIPEFITTERS LOCALS 502 & 633 PENSION TRUST FUND; PLUMBERS AND PIPEFITTERS LOCAL 502 JOINT EDUCATIONAL & TRAINING FUND; MECHANICAL INDUSTRY PROMOTION FUND OF KENTUCKY; PIPING INDUSTRY COOPERATIVE OF KENTUCKIANA; and PLUMBERS, PIPEFITTERS AND SERVICE TECHNICIANS LOCAL 502, <br><br> Plaintiffs, <br><br> vs. <br><br> FACKLER PLUMBING, LLC, a Kentucky Limited Liability Company; ANDREA FACKLER, an individual; and ASHLEY FACKLER, an individual, <br><br> Defendants. | Civil Case No.  3:21-cv-761-BJB <br><br> (Electronically Filed) |

## COMPLAINT

NOW COME the Plaintiffs, PLUMBERS AND PIPEFITTERS LOCAL 502 HEALTH AND WELFARE TRUST FUND, *et al.*, by and through their counsel, Dennis Johnson of Johnson & Krol, LLC, complaining of Defendants FACKLER PLUMBING, LLC, ANDREA FACKLER, and ASHLEY FACKLER, and allege as follows:

## JURISDICTION AND VENUE

1.    This action arises under Sections 502 and 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") (29 U.S.C. §§ 1132 and 1145) and Section 301 of the Labor-Management Relations Act.  (29 U.S.C. § 185).  The Court has jurisdiction over

the subject matter of this action pursuant to 29 U.S.C. §§ 185(c), 1132(e)(1), and 1145, as well as 28 U.S.C. § 1331.  In addition, the Court has supplemental jurisdiction over the

2.  Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) in that the PLUMBERS AND PIPEFITTERS LOCAL 502 HEALTH AND WELFARE TRUST FUND ("Welfare Fund"), the PLUMBERS AND PIPEFITTERS LOCALS 502 & 633 PENSION TRUST FUND ("Pension Fund") and the PLUMBERS AND PIPEFITTERS LOCAL 502 JOINT EDUCATIONAL & TRAINING FUND ("Training Fund") (collectively, the "Trust Funds") are administered at 1313 Berry Boulevard, Louisville, Kentucky 40215, and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Western District of Kentucky, Louisville Division.

## PARTIES

3.  The Trust Funds receive contributions from numerous employers pursuant to collective bargaining agreements between employers and the PLUMBERS, PIPEFITTERS AND SERVICE TECHNICIANS LOCAL 502 ("Local 502") and, therefore, are multiemployer plans under 29 U.S.C. § 1002.

4.  The MECHANICAL INDUSTRY PROMOTION FUND OF KENTUCKY ("Promotion Fund") and the PIPING INDUSTRY COOPERATIVE OF KENTUCKIANA ("LMCC") are funds organized for the benefit of the piping industry that are administered in Louisville, Kentucky.

5.  Local 502 is the bargaining representative of FACKLER PLUMBING, LLC's ("Fackler Plumbing") bargaining unit employees.

6.  Defendant Fackler Plumbing is a Kentucky limited liability company corporation with its

principal place of business located at 2315 Little Bend Road, Battletown, Kentucky 40104.

7.    Defendant ANDREA FACKLER ("Andrea Fackler") is an individual with her principal residence in Battletown, Kentucky.

8.    Defendant ASHLEY FACKLER ("Ashley Fackler") is an individual with his principal residence in Battletown, Kentucky.

## FACTS COMMON TO ALL COUNTS

9.    Fackler Plumbing is an employer engaged in an industry affecting commerce that agreed to be bound by a collective bargaining agreement ("CBA") between Local 502 and the Mechanical Contractors Association of Kentucky ("MCAKY"). (A copy of the CBA is attached hereto as **Exhibit 1**).

10.    The wages and benefit rates payable to the Trust Funds, Promotion Fund and LMCC for work performed within Local 502's trade and territorial jurisdiction are established by Local 502 and the MCAKY pursuant to the CBA.  (**Exhibit 1**).

11.    Through the CBA, Fackler Plumbing became bound to the Agreements and Declarations of Trust that created and govern the Trust Funds (hereinafter referred to as the "Trust Agreements").  (A copy of the Pension Fund's Trust Agreement is attached as **Exhibit 2**); (A copy of the Welfare Fund's Trust Agreement is attached as **Exhibit 3**).

12.    Fackler Plumbing is required to deduct dues and other check-off deductions ("union dues") from its covered employees' paychecks and remit the union dues to Local 502 on a monthly basis.

13.    On March 30, 2021, Fackler Plumbing, Andrea Fackler, and Ashley Fackler entered into an Installment Payment Agreement ("Payment Agreement") with the Trust Funds, Promotion Fund, LMCC and Local 502. (A copy of the Payment Agreement is attached as

**Exhibit 4**).

14.   Paragraph 5 of the Payment Agreement provides:

> Andrea [Fackler] and Ashley [Fackler] agree to be personally liable for all
> of the obligations of Fackler [Plumbing] called for in this Agreement,
> including all payments required by paragraph 1 and 3 above and all ongoing
> contributions, liquidated damages, interest, attorneys' fees, audit fees and
> audit deficiencies that may become due and owing during the duration of
> this Agreement. Andrea [Fackler] and Ashley [Fackler] agree that they are
> both personally bound by the Collective Bargaining Agreement and agree
> that they are joint employers with Fackler [Plumbing] for the purposes of
> 29 U.S.C. § 1145.

(**Exhibit 4**).

## COUNT I
## BREACH OF THE COLLECTIVE BARGAINING AGREEMENT

15.   Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-14 of this
Complaint with the same force and effect as if fully set forth herein.

16.   Pursuant to the power granted to them through the Trust Agreements, the Trustees of the
Trust Funds adopted the Collection Policy/Audit Procedures.  (A copy of the Collection
Policy/Audit Procedures is attached as **Exhibit 5**).

17.   Pursuant to Section 502(g)(2) of ERISA, the CBA, the Trust Agreements and the
Collection Policy/Audit Procedures, employers that fail to pay contributions to the Trust
Funds, Promotion Fund and LMCC and union dues to Local 502 by the twenty-first (21st)
day of the month immediately following the month in which the work was performed, a
one-time charge of ten percent (10%) ("liquidated damages") is assessed against all
delinquent contributions.  (**Exhibit 5**).

18.   Pursuant to Section 502(g)(2) of ERISA, the Trust Agreements and the Collection
Policy/Audit Procedures, employers that fail to submit their monthly contribution reports
and contributions to the Trust Funds, Promotion Fund and LMCC and union dues to Local

502 by the tenth (10th) day (or the next business day thereof) of the month immediately following the month in which the work was performed, interest at the rate of one percent (1%) per month from the original due date is charged until the contributions are paid in full.  (**Exhibit 5**).

19.     Pursuant to the Article VIII, Section 1 of the Trust Funds' respective Trust Agreements:

> Each Employer will promptly furnish to the Trustees, upon request, any and all records of his employees . . . and any other payroll records or financial information that the Trustees may require in order to determine the accuracy of the Employer's remittance of Employer Contributions.

(**Exhibit 2**; **Exhibit 3**).

20.     Section III.5 of the Collection Policy/Audit Procedures states as follows:

> In the event a payroll compliance audit discloses a contribution deficiency that exceeds 3% of the Employer Contributions required for that period, or in the auditor's opinion, the deficiency was caused by anything other than an inadvertent clerical error, the Employer shall be held responsible for the costs of the payroll compliance audit, including all liquidated damages and interest charges, unless otherwise waived by the Board of Trustees, or a duly appointed Collections Subcommittee.

(**Exhibit 5**).

21.     Pursuant to the CBA and Trust Agreements, the Trust Funds' payroll compliance auditor conducted an audit of Fackler Plumbing's books and records for the period of June 9, 2020 through October 31, 2021.

22.  The audit revealed that Fackler Plumbing, Andrea Fackler, and Ashley Fackler failed to pay the Trust Funds, Promotion Fund, LMCC and Local 502 the aggregate amount of $343,934.66, itemized as follows:

| Type: | Amount: |
|---|---|
| Contributions | $271,415.14 |
| Union Dues | $16,980.38 |
| Liquidated Damages | $28,839.55 |
| Interest | $23,630.68 |
| Audit Costs | $3,068.91 |
| **Total:** | **$343,934.66** |

23.  Fackler Plumbing, Andrea Fackler, and Ashley Fackler have also failed to timely remit contributions and union dues to the Trust Funds, Promotion Fund, LMCC and Local 502 for the months of September 2020 and July 2021.

24.  As a result of Fackler Plumbing, Andrea Fackler, and Ashley Fackler's failure to timely remit contributions and union dues for September 2020 and July 2021, they owe the Trust Funds, Promotion Fund, LMCC and Local 502 the sum of $1,499.87 in liquidated damages and interest.

25.  Fackler Plumbing, Andrea Fackler, and Ashley Fackler failed to file their monthly contribution report for the month of November 2021 and therefore owe unpaid contributions and union dues in an unknown amount.

26.  Fackler Plumbing, Andrea Fackler, and Ashley Fackler have a continuing obligation to pay contributions and union dues to the Trust Funds, Promotion Fund, LMCC and Local 502 and, as a result, additional monies may be owed.

27.  The Plaintiffs have been required to employ the undersigned attorneys to collect the monies that are due and owing from Fackler Plumbing, Andrea Fackler, and Ashley Fackler.

28.  The Plaintiffs have complied with all conditions precedent in bringing this suit.

29.     Defendants Fackler Plumbing, Andrea Fackler, and Ashley Fackler are obligated to pay the reasonable attorneys' fees and court costs incurred by the Plaintiffs pursuant to the CBA, the Trust Agreements, Collection Policy/Audit Procedures, and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiffs respectfully request that:

A.     Judgment be entered in favor of Plaintiffs and against Defendants Fackler Plumbing, Andrea Fackler, and Ashley Fackler, jointly and severally, in the aggregate amount of $345,434.53, itemized as follows:

      i.      $271,415.14 in contributions, as revealed by the audit;

      ii.     $16,980.38 in union dues, as revealed by the audit;

      iii.    $28,839.55 in liquidated damages, as revealed by the audit;

      iv.     $23,630.68 in interest, as revealed by the audit;

      v.      $3,068.91 in audit costs; and

      vi.     $1,499.87 in liquidated damages and interest for September 2020 and July 2021.

B.     Defendants Fackler Plumbing, Andrea Fackler, and Ashley Fackler be ordered to submit its monthly contribution report for the month of November 2021 and pay the corresponding contributions revealed to be due and owing, if any;

C.     Defendants Fackler Plumbing, Andrea Fackler, and Ashley Fackler be ordered to pay the reasonable attorneys' fees and costs, incurred by the Plaintiffs pursuant to the CBA, Trust Agreements. Payment Agreement. and 29 U.S.C § 1132(g)(2)(D); and

D.     Plaintiffs have such other and further relief as the Court may deem just and equitable all at the Defendants Fackler Plumbing, Andrea Fackler, and Ashley Fackler's cost, pursuant to 29 U.S.C. §1132(g)(2)(E).

## COUNT II
## BREACH OF THE INSTALLMENT PAYMENT AGREEMENT

30.     Plaintiffs re-allege the allegations contained in Paragraphs 1-29 of this Complaint with the

same force and effect as if fully set forth herein.

31.     Fackler Plumbing, Andrea Fackler, and Ashley Fackler entered into a Payment Agreement

with the Trust Funds, Promotion Fund, LMCC and Local 502 for payment of the principal

balance of $94,489.21.  (**Exhibit 4**).

32.     Pursuant to the Payment Agreement, Fackler Plumbing, Andrea Fackler, and Ashley

Fackler are required to make twenty-four (24) monthly payments in the amount of

$4,155.96 to the Trust Funds, beginning on April 15, 2021 and ending on March 15, 2023.

(**Exhibit 4**).

33.     Paragraph 3 of the Payment Agreement provides:

> Fackler [Plumbing], Andrea [Fackler] and Ashley [Fackler] agree to submit
> the monthly contribution reports and payments to the Trust Funds and
> [Local 502] in a timely manner, by the 10th day of each month following the
> month in which the work was performed, beginning with the contribution
> period of March 2021, throughout the duration of this Agreement. Fackler
> [Plumbing], Andrea [Fackler] and Ashley [Fackler] agree that the failure to
> timely pay contributions and dues shall constitute a default of this
> Agreement.

(**Exhibit 4**).

34.     Paragraph 7 of the Payment Agreement provides:

> In the event Fackler [Plumbing], Andrea [Fackler] and/or Ashley [Fackler]
> default on any obligation under the terms of this Agreement: (A) all
> remaining payments will be accelerated and become immediately payable;
> (B) Fackler [Plumbing], Andrea [Fackler]  and Ashley [Fackler] hereby
> confess judgment for any and all unpaid amounts; (C) an additional
> liquidated damages charge of 10% of all unpaid amounts shall become due
> and payable by Fackler [Plumbing], Andrea [Fackler] and Ashley [Fackler];
> (D) the Trust Funds and [Local 502] may file a lawsuit for breach of this
> Agreement and/or breach of the Collective Bargaining Agreement; and (E)
> in the event the Trust Funds and/or [Local 502] are required to engage an

attorney to collect any amounts due under this Agreement, Fackler [Plumbing], Andrea [Fackler] and Ashley [Fackler] shall be liable for all their reasonable attorney's fees and costs.

(**Exhibit 4**).

35. As of today's date, Fackler Plumbing, Andrea Fackler, and Ashley Fackler have failed to submit their installment payments for November 2021 and December 2021 to the Trust Funds, Promotion Fund, LMCC and Local 502 in breach of the Payment Agreement.

36. Pursuant to Paragraph 7 of the Payment Agreement, the Trust Funds, Promotion Fund, LMCC and Local 502 accelerated the remaining installments required by the Payment Agreement and assessed liquidated damages equal to 10% of the remaining installments. As a result, Fackler Plumbing, Andrea Fackler, and Ashley Fackler owe $70,651.32 in remaining payments and $7,065.13 in liquidated damages to the Trust Funds, Promotion Fund, LMCC and Local 502.

37. Plaintiffs have complied with all conditions precedent in bringing this suit.

38. Defendants Fackler Plumbing, Andrea Fackler, and Ashley Fackler are obligated to pay the reasonable attorneys' fees and court costs incurred by the Plaintiffs pursuant to the CBA, Participation Agreements, Trust Agreements, Payment Agreement, and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiffs respectfully request that:

A. Judgment be entered in favor of Plaintiffs and against Defendants Fackler Plumbing, Andrea Fackler, and Ashley Fackler, jointly and severally, in the aggregate amount of $77,716.45, which is itemized as follows:

    i. $70,651.32 in remaining payments on the Payment Agreement; and

    ii. $7,065.13 in liquidated damages for breaching the Payment Agreement.

B.  Defendants Fackler Plumbing, Andrea Fackler, and Ashley Fackler be ordered to pay the reasonable attorneys' fees and costs incurred by the Plaintiffs pursuant to the CBA, Participation Agreements, Trust Agreements, Payment Agreement, and 29 U.S.C. § 1132(g)(2)(D); and

C.  Plaintiffs have such other and further relief as the Court may deem just and equitable all at the Defendants Fackler Plumbing, Andrea Fackler, and Ashley Fackler's cost, pursuant to 29 U.S.C. §1132(g)(2)(E).

Respectfully submitted,

/s/ Dennis R. Johnson
Dennis R. Johnson (KY Bar No. 96387)
Johnson & Krol, LLC
311 S. Wacker Drive, Suite 1050
Chicago, Illinois 60606
(312) 372-8587
johnson@johnsonkrol.com

*Attorney for Plaintiffs*